This is a suit by the mother and father of Billie Sue Davies who are seeking damages for the injuries received by her when she was run over by an automobile driven by Welby Stahl and owned by P.J. Mabry. The suit is brought against the insurer of the owner of the car and neither the owner thereof nor the person driving the automobile at the time are made parties defendants.
The lower court determined the case on the ground that the insurer was not liable under the policy provisions, in the following opinion:
"Plaintiffs, as the father and mother of Billie Sue Davies, sue the defendant, Consolidated Underwriters, an insurance company, for damages sustained by Billie Sue Davies in being injured by being run over by an automobile belonging to P.J. Mabry and being driven at the time by Welby Stahl, a nephew of P.J. Mabry.
"Plaintiffs allege that the automobile was being driven by Welby Stahl with the knowledge and consent of P.J. Mabry; that the Consolidated Underwriters, through its agent, T.H. Mastin 
Company, had insured P.J. Mabry against loss by reason of the negligent operation of said automobile and, in addition to P.J. Mabry, the owner of said automobile, it is alleged that said contract of insurance also insured `any member of his family and anyone driving said car with his knowledge and consent.'
"By supplemental petition, plaintiffs attached a photostatic copy of the policy of insurance and alleged that P.J. Mabry a few moments after the accident verbally notified the local agent of defendant of the accident and the details of same; that on the same day he notified the defendant in writing of the accident and the connection of the said Welby Stahl therewith. Further, that defendant sent a representative to Shreveport to make an investigation of the accident which representative told P.J. Mabry that the defendant Company would assume all liability as existed against him and Welby Stahl up to the limits of the policy.
"The defendant answered by denying, for lack of information, the acts of negligence on the part of Stahl and then denied all other allegations of plaintiff's petition and affirmatively alleged that the policy of insurance did not cover Welby Stahl for the reason that P.J. Mabry, the insured, had not directed in writing that the coverage in the policy be extended to Stahl.
"Welby Stahl is a nephew of P.J. Mabry, residing near the said Mabry, but does not live with him and neither was he a member of the family. Stahl was not an employee of P.J. Mabry but worked for the General Motors Acceptance Corporation. On the day of the accident, Stahl had returned from work to his home and decided to visit his brother in another part of the city and went over and took possession of the automobile belonging to Mabry, covered by the contract of insurance, and proceeded on his way until the accident occurred. Mabry had no knowledge at the time that Stahl was driving the automobile but, according to his testimony, Stahl used the car whenever he desired and had he asked for it on the day of the accident, permission would have been granted by Mabry to so use it. This was implied permission granted by Mabry and, insofar as `consent' is concerned, we are of the opinion that at the time of the accident, Stahl was driving the automobile with the consent (although only implied) of P.J. Mabry.
"Plaintiffs contend that the policy of insurance contains a provision that any person driving the automobile with the consent of the insured is covered by the policy, while defendant contends that the policy does not contain the so-called `omnibus clause'.
"The first page of the contract of insurance insured P.J. Mabry `against loss by reason of the liability imposed by law upon the subscriber for damages on account of bodily injuries inflicted upon any person, * * *,' and since it is not contended that P.J. Mabry was in any wise liable, the first page of the contract of insurance has no bearing on the issue here. On the second page of the contract are two provisions, A and B, which are made conditions of the policy. Clause B provides for automatic insurance on any other car which is obtained to replace the automobile described in the policy and has no effect in this suit.
"Clause A is entitled `Optional Coverage' and reads as follows: *Page 349 
"`Any person using the automobile described herein with the permission of the named subscriber * * * may, if the subscriber shall in writing so direct within 30 days after the presentation of a claim, be entitled to indemnity in the same manner and under the same conditions as the subscriber, but the underwriter's liability shall not thereby be increased * * *.'
"The foregoing provision of the policy is the only one that is applicable to the issue here involved. Counsel for plaintiffs in brief argue that while the clause is carried under the heading of `optional coverage', it has all of the general characteristics of similar provisions in other policies which have been denominated by the text-writers as `omnibus clauses'. We do not think so. The writer has before him his own automobile liability policy, issued by the New Amsterdam Casualty Company, in defining the word `insured' states that whenever that word is unqualifiedly used in the policy — `includes not only the named insured but also any person while using the automobiles * * * provided that the actual use is with the permission of the named insured.' The last quoted provision in a policy of insurance is the so-called `omnibus clause' and covers every person using the automobile described in the policy with the consent of the insured, without further action on the part of the insured. But not so with the provision of the policy sued on in this case. The insured called the `subscriber' is protected if the subscriber is legally liable for the accident, whether he is the driver of the automobile or whether his employee or another for whom he is responsible, is the driver of the automobile. But does the `optional coverage' extend to any other person automatically? The provisions say that `any person' `may' `if the subscriber shall direct in writing' be entitled to indemnity, and the subscriber could have secured this omnibus coverage at the time of taking the policy; or if desired, the subscriber could direct that any driver of the automobile with his consent be covered, provided the subscriber so directed in writing within thirty days after the presentation of a claim. If the subscriber did not so direct, then such person would not be entitled to indemnity. This is what makes the quoted clause in the policy under consideration `optional coverage'. We think that the clause means what it says; that it was optional with the assured whether Welby Stahl, under the circumstances of this case, should be indemnified under the policy. If he so desired, did the assured so direct in writing? We have searched the record in vain for evidence to that effect. The entire testimony on the point is to the effect that Mr. Mabry gave `notice' to the company of the accident. The evidence is that Mabry notified the Company's local agent who testified that he gave the Company notice of the accident, as that was his business to do so, and on being pressed as to whether Mr. Mabry directed him to give the notice, he would not say, because it was his business to do so. The question of `notice' is not involved in the optional coverage clause above, but has some significance under another provision of the policy, where the company may otherwise be liable and was not given notice, as provided therein, but the giving of notice of an accident is not, in our opinion, equivalent to a direction in writing to extend the insurance written to some third party.
"Counsel cites the case and annotation in 72 A.L.R. 1375 [Stovall v. New York Indemnity Co., 157 Tenn, 301, 8 S.W.2d 473], all of which shows that the policies under consideration contained the so-called omnibus clause, as secondly quoted above, the same as the case of Monroe v. Heard [La.App.], 168 So. [519], 520, where the clause referred to as `extended insurance' reads as follows: `The company agrees that in addition to the Assured named in this policy, such insurance * * * shall be available in the same manner and under the same conditions and to the same extent as it is available to the Assured named herein to any person or persons * * *; but only while it is being used for the purpose [named] * * * and with the consent of the Assured named * * *.'
"None of the cited cases show that the policies carried the `extended insurance' or `omnibus clauses' with a proviso that in order to be effective, the assured `must direct it in writing' as is required in the policy under consideration. All of the policies referred to, according to the decisions, extended the insurance to third persons who were driving the automobile `with the consent of the assured', which policies protected such third persons as effectively as if they had been named in the policy, subject only to the provision that they were driving the automobile with the consent of the assured.
"We do not think that notice, as required in Clause C, which the Company *Page 350 
received, is equivalent to the requirement in Clause A, which required Mabry to direct in writing that the Company extend the insurance to cover Stahl. If so, there would have been no necessity for placing such a requirement in Clause A. We have looked in vain for a case wherein the extended coverage was dependent upon a `direction in writing by the assured within a designated time after the presentation of a claim', and have been unable to find one which authorizes an injured person to sue on the policy of insurance and hold the company liable where no such direction in writing had been made by the assured. In fact, we have found no case where the policy under consideration had a provision therein similar to the one under discussion. We are of the opinion that in order for the defendant Company to be liable for the accidents of Welby Stahl under the policy sued on herein, it was necessary that the assured, Mr. Mabry, should have directed the defendant to indemnify Stahl, within thirty days after the accident. The evidence failing to establish that any such direction was given, the plaintiffs cannot recover on the policy.
"The evidence fails to show that any claim has ever been made against either Mabry or Stahl for the accident and injuries by plaintiffs and they have not been made parties to this suit.
"Having reached the conclusion that the plaintiffs cannot recover under the policy of insurance sued on, it is unnecessary to consider any of the other issues involved in this case.
"For the reasons assigned, there should be judgment rejecting plaintiffs' demands at their cost."
We have searched in vain for a case involving a similar policy provision as does the policy involved here and we have failed to find any case which throws any light on the issues involved, and when we give effect to the plain, unambiguous language of the policy, as did the lower court, we are forced to the conclusion that the judgment of the lower court is correct and it is therefore affirmed with costs.
 On Rehearing.